**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | | |
|---|---|---|
| ABRO INDUSTRIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | **CAUSE NO.** _____ |
| | ) | |
| vs. | ) | |
| | ) | |
| 1 NEW TRADE, INC., IGOR | ) | **JURY TRIAL DEMANDED** |
| ZORIN, BORIS BABENCHIK, | ) | |
| VADIM FISHKIN and QUEST | ) | |
| SPECIALTY COATINGS, LLC | | |
| | | |
| Defendants. | | |

## COMPLAINT

Plaintiff, ABRO Industries, Inc. ("ABRO") by its counsel, and for its complaint against Defendants 1 New Trade, Inc. ("New Trade"), Igor Zorin ("Zorin"), Boris Babenchik ("Babenchik"), Vadim Fishkin ("Fishkin") and Quest Specialty Coatings, LLC ("Quest") (collectively referred to as "Defendants") alleges and states as follows:

### PARTIES AND INTRODUCTION

1. ABRO is an Indiana corporation doing business at 3580 Blackthorn Court, South Bend, Indiana 46628.

2. As a leading distributor of top quality automotive, industrial, and consumer products to customers in countries across the globe, ABRO has expended substantial effort and resources to build a valuable reputation and substantial good will in its brands.

3. New Trade is a Maryland Corporation doing business at 3700 Twin Lakes Court, Baltimore, Maryland, 21244.

4. Quest is a Delaware Limited Liability Company doing business at N92 W14701 Anthony Avenue, Menomonee Falls, Wisconsin, 53051.

5. Upon information and belief, Defendants Zorin and Babenchik are the principal owners of New Trade and Defendant Fishkin is New Trade's general manager.

6. Zorin was previously affiliated with JSC Himavtoprom ("JH"), a former distributor of ABRO products. Babenchik was previously affiliated with a different distributor of ABRO products.

7. New Trade, under the direction and control of Zorin, Babenchik and Fishkin, is unfairly competing with ABRO by, among other things, obtaining products from an affiliate of an ABRO supplier in the United States and then distributing the products in containers nearly identical to ABRO's containers used with identical products, in the same markets as, and to the same customers formerly served by JH.

8. Through this action, ABRO seeks to put a stop to Defendants' illegal conduct and obtain compensation for the violations that have occurred thus far.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action pursuant to 17 U.S.C. §411 and 28 U.S.C. §§1331 and 1338.

10. This Court has personal jurisdiction over each of the Defendants based upon their continuous and systematic contacts with ABRO in the State of Indiana and the fact that the effects of the acts of infringement are being felt by ABRO in this jurisdiction. Indeed, through these contacts with ABRO, including meetings between Zorin, Babenchik and representatives of ABRO in South Bend, Indiana, Defendants learned the identity of ABRO's suppliers and many details of the

business model employed by ABRO from its corporate headquarters in this jurisdiction.

11. Venue is appropriate in this judicial district under 28 U.S.C. §1391(b) and §1400(a).

## FACTUAL BACKGROUND

12. ABRO markets and sells various top quality automotive, industrial and consumer products throughout the world.

13. ABRO's success is built on its strong network of distributors and the quality and goodwill associated with ABRO's intellectual property. ABRO owns an extensive portfolio of intellectual property rights in more than 165 countries. Because of the value of ABRO's intellectual property, ABRO takes enforcement very seriously. ABRO has an extensive anti-counterfeiting program throughout the world. The program has resulted in countless raids, product seizures, arrests and jail terms for counterfeiters.

14. Continuously, since at least 1992, ABRO has sold and distributed a carburetor and choke cleaner. ABRO is the owner of the intellectual property rights, including but not limited to the copyrights, associated with the containers in which its carburetor and choke cleaner is sold.

15. ABRO has applied to the Register of Copyrights to register its copyrights in its carburetor and choke cleaner packaging (the "Work") and is the owner of a pending U.S. Copyright Application therefore assigned Case No. 1-1845314781. A copy of the application is attached as Exhibit 1.

16. Defendants have reproduced the Work as packaging for carburetor and choke cleaning product sold by New Trade and promoted on New Trade's website and in New Trade's promotional materials.

17. For years, ABRO sold its carburetor and choke cleaner to JH for distribution and sale in Russia. Through his affiliation with JH, Zorin was well aware of ABRO's carburetor and choke cleaner product and the Work. Through his affiliation with another ABRO distributor, Babenchik was well aware of ABRO's carburetor and choke cleaner product and the Work.

18. ABRO terminated JH as a distributor on or about December 15, 2013.

19. Upon information and belief, Zorin, Babenchik and Fishkin formed New Trade for the express purpose of competing with ABRO.

20. New Trade is now acquiring a carburetor and choke cleaning product from Quest and is distributing this product in competing markets in a container that is virtually identical to ABRO's containers. A photograph showing New Trade's carburetor and choke cleaner product in the virtually identical container is attached to this Complaint as Exhibit 2.

21. Quest is well aware of ABRO's carburetor and choke cleaner product and the Work, as at least one Quest affiliate supplies products to ABRO.

22. Defendants, without ABRO's permission, have used and may continue to use (unless enjoined by the Court) the Work when selling carburetor and choke cleaner. Defendants have willfully used the Work without ABRO's consent and with the intent to capitalize on ABRO's goodwill and well-known reputation. This

use in commerce in connection with the sale, offering for sale, distribution and/or advertising of New Trade's products has damaged ABRO.

## COUNT I
### (Copyright Infringement)

23. ABRO incorporates by reference herein Paragraphs 1 through 22 above.

24. ABRO is pursuing copyright registration for the Work.

25. Pursuant to 17 U.S.C. §401, ABRO's copyright registration, when issued, will be *prima facie* evidence of the validity of the copyright, of ABRO's ownership of the Work, and of ABRO's exclusive rights to reproduce, distribute and display the Work and produce derivative works based upon the Work pursuant to 17 U.S.C. §§106, 201, and 410(c).

26. Defendants had access to the Work.

27. Defendants have directly, contributorily, and/or vicariously infringed and are continuing to infringe ABRO's copyright in the Work and distributing the copyrighted material, or otherwise making it available, without ABRO's consent. These acts of infringement include exportation of copies of the Work, without the authority or consent of ABRO, in violation of 17 U.S.C. §602(a)(2).

28. Defendants' conduct violates several exclusive rights under 17 U.S.C. §106 belonging to ABRO.  In particular, Defendants' conduct violates ABRO's rights to reproduce, display and distribute the Work.

29. Defendants' infringing conduct has caused and is causing irreparable injury and damage to ABRO in an amount not yet capable of determination and, unless restrained, will cause further irreparable injury, leaving ABRO with no adequate remedy at law.

30. ABRO is entitled to injunctive relief against Defendants, restraining further acts of infringement.

## COUNT II
### (Personal Liability and/or Vicarious Liability for Copyright Infringement -- Zorin, Babenchik, and Fishkin)

31. ABRO incorporates by reference herein Paragraphs 1 through 30 above.

32. Zorin, Babenchik and Fishkin know of New Trade's infringing activities and, upon information and belief, have personally participated in and are directing these activities.

33. Given their positions, Zorin, Babenchik and Fishkin have the right and ability to control the advertising and content on New Trade's website, catalogs and various publications and the manner in which New Trade packages and sells its products.

34. Similarly, Zorin, Babenchik and Fishkin have the right and ability to direct the removal of infringing advertising and content from New Trade's website, catalogs and elsewhere and to change the containers New Trade uses to sell products.

35. Zorin and Babenchik also have a direct financial interest in the sales generated by and through the advertising and content on New Trade's website, catalogs and other publications and by and through the use of ABRO's intellectual property including the Work.

36. ABRO is entitled to injunctive relief against Zorin, Babenchik and Fishkin restraining them from directing further acts of infringement by New Trade's infringing conduct.

37. Zorin, Babenchik and Fishkin are personally liable to ABRO for the injuries ABRO has suffered by virtue of New Trade's actions.

6

**PRAYER FOR RELIEF**

WHEREFORE, ABRO requests the Court to award the following relief:

A. Judgment on all counts against each of the Defendants individually and jointly and severally and in favor of ABRO;

B. A preliminary and permanent injunction enjoining and restraining Defendants, their subsidiaries, related companies, associates, agents, servants, employees, officers, directors, representatives, successors, assigns, attorneys and all persons that act in concert and participation with them who learn of the injunction through personal service or otherwise:

(1) From further acts of infringement; and

(2) From copying, using, distributing, publishing by any means or creating a derivative work of the Work under 17 U.S.C. §502;

C. An award of actual damages caused by and any profits obtained by Defendants attributable to infringement of the Work pursuant to 17 U.S.C. §504(b);

D. For infringement of the Work occurring after registration thereof, an award of statutory damages or alternatively actual damages caused by and any profits obtained by Defendants attributable to the infringement pursuant to 17 U.S.C. §§504(b) and 504(c);

E. Impoundment and destruction of all products, catalogs, advertisements, promotional materials or other materials in Defendants' possession, custody or control found to have been made or used in violation of ABRO's copyrights pursuant to 17 U.S.C. §503;

F. An award of reasonable attorneys' fees and costs pursuant to 17 U.S.C. §505;

G. An award of prejudgment and post-judgment interest; and

H. All other just and proper relief.

## **JURY DEMAND**

ABRO, by counsel, and under Fed. R. Civ. P. 38, demands a trial by jury of all issues triable of right by jury.

                Respectfully submitted,

                /s/ D. Randall Brown
                D. Randall Brown (15127-49)
                *randy.brown@btlaw.com*
                600 One Summit Square
                Fort Wayne, IN  46802
                Telephone:  (260) 423-9440
                Facsimile:   (260) 424-8316

                Alice J. Springer (25105-64)
                *alice.springer@btlaw.com*
                Georgina D. Jenkins (31357 71)
                *georgina.jenkins@btlaw.com*
                700 1st Source Bank Center
                100 North Michigan Street
                South Bend, IN  46601-1632
                Telephone:  (574) 233-1171
                Facsimile:   (574) 237-1125

                ATTORNEYS FOR THE PLAINTIFF

SBDS01 404406v1