# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ABRO INDUSTRIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:14-CV-1984-TLS |
| | ) | |
| 1 NEW TRADE, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court sua sponte. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002).

The Amended Complaint alleges that the Court's original subject matter jurisdiction is based on federal question, 28 U.S.C. §§ 1331, 1338. Defendants 1 New Trade, Inc., Igor Zorin, and Boris Babenchik raised several counterclaims against Plaintiff ABRO Industries, Inc. Further, Defendant Quest Specialty Coatings, LLC, filed a cross-claim against 1 New Trade, Inc., alleging that if ABRO Industries, Inc., prevails on its copyright infringement claim, then 1 New Trade, Inc., is liable to Quest Specialty Coatings, LLC, for any damages related to the infringement. Igor Zorin and Boris Babenchik also filed a third-party complaint against Peter Baranay.

Although the cross-claim would satisfy federal question jurisdiction, the jurisdictional basis for the counterclaims asserted by 1 New Trade, Inc., Igor Zorin, and Boris Babenchik is unclear from the record. Likewise, the third-party complaint asserts that it invokes the Court's supplemental jurisdiction, 28 U.S.C. § 1367, but states that this is because "this claim is closely related to Boris Babenchik and Igor Zorin's Affirmative Defenses . . . and their Counterclaim

against ABRO." (Third-Party Compl. Against Peter Baranay ¶ 5, ECF No. 24.) The parties cite no authority for the proposition that an affirmative defense may provide a basis upon which to invoke supplemental jurisdiction.

As this litigation presently stands, this Court may have jurisdiction over all the claims asserted through a combination of federal question jurisdiction and supplemental jurisdiction. However, the record is insufficient to determine whether the Court has independent jurisdiction over the various claims raised by the Defendants, which would become an important issue in the event the Court granted, in whole or in part, the motion to dismiss filed by ABRO Industries, Inc.

Accordingly, the Court **ORDERS** all Defendants in this litigation, along with any other parties asserting claims that would remain pending in the event that the Court grants (in whole or in part) the pending Rule 41(a)(2) motion to dismiss, to submit, on or before, **July 26, 2016**, a jurisdictional statement and supporting brief providing the independent basis of jurisdiction for their claims. Each counsel's submission shall not exceed 10 pages; meaning, for example, that the submissions by counsel for Igor Zorin, Boris Babenchik, and 1 New Trade, Inc., must—when considered collectively—not exceed 10 pages.

In the event that diversity jurisdiction, 28 U.S.C. § 1332, would provide the basis for jurisdiction, it appears that the amount in controversy requirement would be met. However, the parties are to consult the specific rules for diversity of citizenship that apply to corporations, unincorporated entities/limited liability companies, and individuals who are United States citizens or foreign nationals.

SO ORDERED on July 15, 2016.

                                                                  s/ Theresa L. Springmann
                                                                  THERESA L. SPRINGMANN
                                                                  UNITED STATES DISTRICT COURT
                                                                  FORT WAYNE DIVISION