**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| ABRO INDUSTRIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:14-CV-1984-TLS |
| | ) | |
| 1 NEW TRADE, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court sua sponte. On July 15, 2016, the Court issued an Order directing "all Defendants" and "any other parties asserting claims that would remain pending in the event that the Court grants (in whole or in part) the pending Rule 41(a)(2) motion to dismiss, to submit . . . a jurisdictional statement and supporting brief providing the independent basis of jurisdiction for their claims." (Op. & Order 2, ECF No. 119.) In response, counsel for 1 New Trade, Inc., Igor Zorin, and Boris Babenchik filed a brief and affidavits. These documents identified 1 New Trade, Inc., as a Maryland corporation with its principal place of business in Russia. Further, Zorin and Babenchik were identified as Russian citizens who have been residing in Russia "before and during the pendency of this matter." (1 New Trade, Inc., Igor Zorin & Boris Babenchik's Jurisdictional Statement & Mem. Law 2, ECF No. 122.) Counsel also stated that ABRO Industries, Inc., is an Indiana corporation with its principal place of business in Indiana, and Peter Baranay is a Michigan resident.[1]

---

[1] As will be discussed later in greater detail, 1 New Trade, Inc., Zorin, and Babenchik have raised several counterclaims against ABRO Industries, Inc. Separately, Zorin and Babenchik filed a third-party complaint against Baranay.

Without explanation, the parties' respective counsel agree that if ABRO Industries, Inc.'s claims are dismissed with prejudice, the Court will retain jurisdiction over the remaining claims under 28 U.S.C. § 1332(a)(1).[2] The Court has "an independent obligation to be sure that jurisdiction exists," *Andrews v. E.I. Du Pont De Nemours & Co.*, 447 F.3d 510, 514 (7th Cir. 2006), and the parties may not simply stipulate to jurisdiction, *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). Under § 1332(a)–(1), the district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." Further, "[§] 1332 requires complete diversity: no plaintiff may be a citizen of the same state as any defendant." *Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016).

For a natural person to invoke § 1332(a)(1), he must be both a "citizen of the United States" and "a citizen of one of the United States." *Sadat v. Mertes*, 615 F.2d 1176, 1180 (7th Cir. 1980). Similarly, a corporation must be a citizen of a state of the United States. *E.g.*, *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009) (finding no diversity jurisdiction under § 1332(a)(1) because even though all parties were citizens of various U.S. states, corporate defendant and plaintiff were both citizens of New York); *MAS Capital Inc. v. Biodelivery Scis. Int'l, Inc.*, 524 F.3d 831, 832–33 (7th Cir. 2008) ("Section 1332 uses the word 'State' frequently,

---

[2] Although counsel for 1 New Trade, Inc., Zorin, and Babenchik asserts that all remaining claims invoke § 1332(a)(1), counsel for ABRO Industries, Inc., and Baranay merely responded that "it agrees that the Court retains jurisdiction of [the counterclaims of 1 New Trade, Inc., Zorin, and Babenchik] under 28 U.S.C. § 1332(a)(1)." (Resp. Quest's Jurisdictional Statement & Supporting Mem. 4 n.4, ECF No. 127). However, this does not address Zorin's and Babenchik's third-party complaint filed against Baranay. Further, Quest Specialty Coatings, LLC, which is a defendant against ABRO Industries, Inc., and filed a cross-claim against 1 New Trade, Inc., submitted a jurisdictional statement and supporting memorandum dated July 19, 2016. This document merely reasserts its claim for costs and attorney's fees in the event ABRO Industries, Inc.'s copyright infringement claim is dismissed, and does not provide any jurisdictional facts because it consents that a dismissal with prejudice of the copyright infringement action would moot its cross-claim.

always in contexts that refer to a domestic state, while the statute consistently refers to a foreign

nation as a 'foreign state.'"); *see also* 13E Charles Alan Wright et al., Federal Practice and

Procedure § 3603 (3d ed.) (explaining that § 1332(e), which defines "States" as including "the

Territories, the District of Columbia, and the Commonwealth of Puerto Rico," altered the

definition by no longer limiting the term to states of the United States (first quoting *Hepburn v.*

*Ellzey*, 6 U.S. (2 Cranch) 445, 452 (1805); then quoting *Corp. of New Orleans v. Winter*, 14 U.S.

(1 Wheat.) 91, 94–95 (1816))).

Considering § 1332(a)(1)'s requirements, it is axiomatic that this provision does not

provide a basis for jurisdiction in this case. The parties do not dispute that 1 New Trade, Inc., has

its principal place of business in Russia, or that Zorin and Babenchik are Russian citizens who

have been residing in Russia. Despite these circumstances, this case may still invoke alienage

jurisdiction. In addition to meeting the amount in controversy, under § 1332(a)(2), a district court

has original jurisdiction between

> citizens of a State and citizens or subjects of a foreign state, except that the district
> courts shall not have original jurisdiction under this subsection of an action
> between citizens of a State and citizens or subjects of a foreign state who are
> lawfully admitted for permanent residence in the United States and are domiciled
> in the same State.

Alternatively, a district court has jurisdiction between "citizens of different States and in which

citizens or subjects of a foreign state are additional parties." *Id.* § (a)(3).

Section 1332(a)(2) permits an alien to sue a citizen of a state of the United States in

federal district court. *Extra Equipamentos E Exportação Ltda. v. Case Corp.*, 541 F.3d 719, 721

(7th Cir. 2008); *Soc'y of Lloyd's v. Ashenden*, 233 F.3d 473, 475 (7th Cir. 2000) (hearing suits

by a foreign corporation against several American defendants under § 1332(a)(2)). In this case,

Zorin and Babenchik have filed a Third-Party Complaint against Baranay. These Third-Party

Plaintiffs submitted affidavits stating that they are Russian citizens who have been residing in Russia "before and during the pendency of this matter." (Jurisdictional Statement & Mem. Law 2; Zorin Decl. 1, ECF No. 122-2; Babenchik Decl. 1, ECF No. 123.) Further, each affiant states that he has "never been a citizen or a resident of Indiana or Michigan." (Zorin Decl. 1; Babenchik Decl. 1.) The third-party defendant is Baranay, and according to the Third-Party Plaintiffs, "Baranay is a resident of Michigan as he testified at his deposition and has been residing in Michigan before and during the pendency of this matter."[3] (Jurisdictional Statement & Mem. Law 3.)

Although the Third-Party Plaintiffs have identified Baranay's residence, his citizenship remains unclear. *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (per curiam) ("In federal law citizenship means domicile, not residence."). An individual's citizenship depends on his or her domicile. *See Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) (per curiam). Domicile is the place one intends to remain. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). Therefore, the Third-Party Plaintiffs will need to file a supplemental jurisdictional statement that identifies Baranay's citizenship.

Additionally, Zorin's and Babenchik's statements that they lack ties to Indiana or Michigan appear directed toward the bar to jurisdiction when an action is "between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." § 1332(a)(2). However, the declarations of Zorin and Babenchik do not identify their "domicile," nor do they disclose whether either of them is a permanent resident alien. This missing information, combined with the uncertainty as to Baranay's citizenship, must be filled in to determine whether the Court has

---

[3] Excerpts from Baranay's deposition were not attached to the filing and it does not appear that this deposition transcript has been filed elsewhere on this case's docket.

jurisdiction under § 1332(a)(2). *Wei Zhou v. Marquette Univ.*, 444 F. App'x 896, 897 (7th Cir. 2008) (per curiam); *cf. Karazanos v. Madison Two Assocs.*, 147 F.3d 624, 627 (7th Cir. 1998) ("We do not know from the present record whether the people denominated as 'citizen[s] of . . . foreign state[s]' . . . were domiciled in their native countries, in a third country, or perhaps in the state of Illinois [(the adverse party's state)]. If they were permanent resident aliens domiciled in Illinois, then the effect . . . would be to destroy complete diversity.").

The counterclaims raised by 1 New Trade, Inc., Zorin, and Babenchik against ABRO Industries, Inc., would fall within § 1332(a)(3). The pleadings establish that 1 New Trade, Inc., is a Maryland corporation, and the declarations of Zorin and Babenchik add that its principal place of business has always been in Russia. This means 1 New Trade, Inc., is a citizen of Maryland and Russia. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .").[4] With Zorin and Babenchik being Russian citizens, and the pleadings showing that ABRO Industries, Inc., is an Indiana citizen, the parties are aligned as a U.S. citizen and aliens against a U.S. citizen. "When citizens of states are on both sides of the litigation and are completely diverse, the presence of aliens on one or both sides of the controversy 'fits section 1332(a)(3) to a t.'" *Dresser Indus., Inc. v. Underwriters at Lloyd's of London*, 106 F.3d 494, 498 (3d Cir. 1997) (quoting *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 10 F.3d 425, 428 (7th Cir. 1993)); *Karazanos*, 147 F.3d at 627 (acknowledging that

---

[4] Had this case been commenced before January 6, 2012, the Court would have only considered 1 New Trade, Inc.'s Maryland incorporation to determine citizenship. *MAS Capital, Inc. v. Biodelivery Scis. Int'l, Inc.*, 524 F.3d 831, 832–33 (7th Cir. 2008); *Bayerische Landesbank*, 692 F.3d at 51 (explaining the amendment to § 1332(c)(1)); *see also Fellowes, Inc. v. Changzhou Xinrui Fellowes Office Equip. Co.*, 759 F.3d 787, 788 (7th Cir. 2014) (noting amendment). However, the amendment to § 1332(c)(1) mandates that the Court also consider 1 New Trade, Inc.'s foreign principal place of business. *Bayerische Landesbank*, 692 F.3d at 51.

jurisdiction exists under §1332(a)(3) where alignment is citizen of state A v. citizen of state B + alien (citing *Hunter v. Shell Oil Co.*, 198 F.2d 485, 488 (5th Cir. 1952))). Considering this, and there being no sign that "a legitimate controversy between diverse citizens" is absent, the counterclaims independently invoke § 1332(a)(3). *Zenith Elecs. Corp. v. Kimball Int'l Mfg., Inc.*, 114 F. Supp. 2d 764, 767 n.3 (N.D. Ill. 2000) (quoting *Dresser*, 106 F.3d at 498).

Accordingly, the Court **ORDERS** Igor Zorin and Boris Babenchik to submit, on or before, **August 19, 2016**, a supplemental jurisdictional statement and supporting brief identifying (1) the citizenship of Peter Baranay; and (2) their permanent resident alien status and domicile.

SO ORDERED on August 4, 2016.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION