# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ABRO INDUSTRIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:14-CV-1984-TLS |
| | ) | |
| 1 NEW TRADE, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's, ABRO Industries, Inc. ("ABRO"), Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Rule 41(a)(2) [ECF No. 89], dated April 25, 2016. The Plaintiff commenced this action on October 23, 2014. On November 4, 2014, ABRO filed its Amended Complaint [ECF No. 7] claiming that the Defendants, 1 New Trade, Inc., Igor Zorin, Boris Babenchik, Vadim Fishkin (collectively, the "1 New Trade Defendants"), and Quest Specialty Coatings, LLC ("Quest"), infringed on ABRO's copyright to a carburetor and choke cleaner packaging. On December 16, 2014, Quest filed its Answer to ABRO's Amended Complaint [ECF No. 19], asserting a cross-claim against 1 New Trade. On December 31, 2014, the 1 New Trade Defendants filed their Answer to ABRO's Amended Complaint [ECF No. 23], asserting a series of counter claims against ABRO. Specifically, Zorin and Babenchik each assert separate claims of breach of fiduciary duty and breach of contract. And collectively, the 1 New Trade Defendants also assert a tortious interference claim asking for both monetary and injunctive relief. Also, on December 31, 2014, Zorin and Babenchik filed a Third Party Complaint [ECF No. 24] against Peter Baranay, president of ABRO, with each asserting a tortious interference claim against him. The parties engaged in substantial discovery

until April 25, 2016, when ABRO filed the Motion to Dismiss. It states that ABRO and Quest agreed that ABRO would dismiss the Amended Complaint with prejudice, with all parties to bear their own attorney's fees and costs incurred in connection with the prosecution and defense of the claims.[1] The Motion further states that the counterclaims raised by the 1 New Trade Defendants would remain pending for adjudication. However, these defendants had not consented to the Rule 41(a)(2) Motion.

On April 26, 2016, Quest filed its Opposition to Plaintiff's Motion to Dismiss [ECF No. 91], where it asserted that it had not consented to ABRO's Motion. Quest, however, did not object to ABRO dismissing its claims with prejudice. On April 27, 2016, ABRO filed its Reply [ECF No. 92]. Separately, on May 9, 2016, the 1 New Trade Defendants filed a brief in opposition to ABRO's Motion to Dismiss ABRO's Amended Complaint [ECF No. 98] claiming, in part, that ABRO never had a legitimate copyright claim and pursued this action to harass the Defendants and put them out of business. On May 19, 2016, ABRO filed its Reply to the 1 New Trade Defendants [ECF No. 102]. Quest filed its Sur-Reply in Opposition to Motion to Dismiss [ECF No. 109] on June 8, 2016, which spurred ABRO to file a Motion for Leave to File Sur-Reply to Quest's Sur-Reply [ECF No. 112]. On June 24, 2016, the Court denied without prejudice ABRO's motion seeking permission to file a sur-reply.

After reviewing the record, on July 15, 2016, the Court issued an order directing "all Defendants" and "any other parties asserting claims that would remain pending in the event that the Court grants (in whole or in part) the pending Rule 41(a)(2) motion to dismiss to submit . . . a jurisdictional statement and supporting brief providing the independent basis of jurisdiction for

---

[1] Although the Motion stated that ABRO had not obtained 1 New Trade Defendants' consent, ABRO's voluntary dismissal also sought to release its claims against the 1 New Trade Defendants, with these Defendants to bear their own attorney's fees and costs.

their claims." (Op. & Order, ECF No. 119.) In response, the parties filed their jurisdictional statements and related documents [ECF No. 121–23, 127]. The Court then issued a second order, addressing the 1 New Trade Defendants' responses and requesting an additional jurisdictional statement and supplemental briefing from Zorin and Babenchik "identifying (1) the citizenship of Peter Baranay; and (2) [Zorin and Babenchik's] permanent resident alien status and domicile." (Op. & Order 2, ECF No. 129.) After receiving the additional jurisdictional statement and briefing [ECF No. 130], the Court then issued a third order requesting that Zorin and Babenchik submit "a second supplemental jurisdictional statement and supporting brief identifying the state of the United States of which Peter Baranay is a citizen." (Order 2, ECF No. 134.) Zorin and Babenchik submitted their jurisdictional statement and briefing [ECF No. 136] for that Order on August 22, 2016. With this additional briefing, the Court now reviews the Rule 41(a)(2) Motion for Voluntary Dismissal.

## ANALYSIS

Under Federal Rule of Civil Procedure 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim . . . the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." Unlike Federal Rule of Civil Procedure 41(a)(1)(ii), a plaintiff seeking dismissal under Rule 41(a)(2) does not require the consent of the defendants. *SmithKline Beecham Corp. v. Pentech Pharma., Inc.*, 261 F. Supp. 2d 1002, 1004 (N.D. Ill. 2003) (Posner, J.) (explaining dismissals under Rule 41(a) and noting that the plaintiff moved to dismiss under Rule 41(a)(2) because one of the defendants refused to sign a stipulation of dismissal).

3

ABRO is asking for its claims against Quest and the 1 New Trade Defendants to be dismissed with prejudice, a less common scenario than dismissal without prejudice. ABRO alleges that it and Quest have agreed to terms of dismissal. However, the now contentious briefing spurred by the Plaintiff's Motion indicates that the veracity of such an agreement is questionable. After considering the detailed timelines presented by each party, the Court finds that ABRO and Quest did not reach an agreement. But ABRO anticipates this finding. It maintains in its proposed sur-reply that even though "Quest consented to ABRO's motion . . . if the Court finds that consent was somehow revoked, it should grant ABRO's motion," but on the condition that the parties bear their own attorney's fees and costs. (ABRO Sur-Reply Mot. Dismiss, 7, 10, ECF No. 112-1.)

Quest has not plead any counterclaims against ABRO. However, it does assert a cross-claim against 1 New Trade, Inc., alleging that "[i]f ABRO prevails on its claims . . . then [1 New Trade, Inc.] is liable to Quest because [1 New Trade, Inc.] specified the product packaging that is accused of infringement." (Quest's Answer, Cross-cl., and Jury Demand to ABRO's Am. Compl. 10, ECF No. 19.) The 1 New Trade Defendants have plead counterclaims against ABRO too. Zorin and Babenchik each assert separate claims of breach of fiduciary duty and breach of contract against ABRO. The 1 New Trade Defendants also collectively assert a tortious interference claim seeking both monetary and injunctive relief. Additionally, Zorin and Babenchik have filed a third party complaint against Baranay, each asserting a tortious interference claim against him as well.

Although Quest's cross-claim would satisfy federal question jurisdiction, as the Court has previously stated, the jurisdictional basis for the counterclaims asserted by the 1 New Trade Defendants was unclear from the record. Despite the palpable animosity between the parties,

4

none have challenged ABRO's statement that the "counterclaims may properly remain pending for adjudication even with the dismissal of ABRO's complaint." (Pl.'s Mot. Dismiss Pl.'s Am. Compl. Pursuant to Rule 41(a)(2) 2, ECF No. 89.) More specifically, none of the parties confirmed that the Court could maintain its jurisdiction over the counterclaims (which are based in state law contract and tort) if the Court were to dismiss ABRO's complaint. The Court now reviews the independent jurisdictional basis for these claims before addressing the merits of the Plaintiff's Rule 41(a)(2) Motion.

A.      **Independent Jurisdictional Basis for 1 New Trade Defendants' Counterclaims**

The Court has "an independent obligation to be sure that jurisdiction exists." *Andrews v. E.I. Du Pont De Nemours & Co.*, 447 F.3d 510, 514 (7th Cir. 2006). The 1 New Trade Defendants are suing the Plaintiff ABRO and Third-Party Defendant Baranay for breach of contract and tortious interference, claims which do not invoke the Court's federal question jurisdiction. Thus, if the Court were to dismiss ABRO's Complaint, to maintain the 1 New Trade Defendants' claims, the parties would need to invoke the Court's diversity jurisdiction. *See Salton, Inc. v. Philips Domestic Appliances and Personal Care*, 391 F.3d 871, 875 (7th Cir. 2004) ("claims in a counterclaim cannot confer federal jurisdiction over a case"). To invoke the Court's diversity jurisdiction, the parties must be completely diverse: "no plaintiff may be a citizen of the same state as any defendant." *Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (2016). For the purposes of diversity jurisdiction, a natural person must be both a "citizen of the United States" and "a citizen of one of the United States." *Sadat v. Mertes*, 615 F.2d 1176, 1180 (7th Cir. 1980); 28 U.S.C. § 1332(a)(1). Similarly, a corporation must be a citizen of a state of the United States. *MAS Capital Inc. v. Biodelivery Scis. Int'l, Inc.*, 524 F.3d 831, 832–33 (7th Cir. 2008); 28 U.S.C. § 1332(a)(1). Aliens may also invoke a court's diversity

jurisdiction in a suit against a citizen of a state of the United States. *Soc'y of Lloyd's v. Ashenden*, 233 F.3d 473, 475 (7th Cir. 2000); 28 U.S.C. § 1332(a)(2). And under § 1332(a)(3), "[w]hen citizens of states are on both sides of the litigation and are completely diverse, the presence of aliens on one or both sides of the controversy" does not destroy a court's diversity jurisdiction over the matter. *Dresser Indus., Inc. v. Underwriters at Lloyd's of London*, 106 F.3d 494, 498 (3d Cir. 1997) (quoting *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 10 F.3d 425, 428 (7th Cir. 1993)).

The parties do not dispute that 1 New Trade, Inc., is a Maryland corporation with its principal place of business in Russia, that Zorin and Babenchik are Russian citizens, or that Third-Party Defendant Baranay is a resident of Michigan. If true, the Court could maintain jurisdiction over the 1 New Trade Defendants' counterclaims under § 1332(a)(2)–(3) should it dismiss ABRO's Complaint. However, these important assumptions were not plainly evident over the course of the proceedings. The Court, as a result, asked the parties for jurisdictional statements and briefings until it could make a determination that the parties were in fact domiciled where they claim.

After three rounds of briefing and clarification on this sua sponte inquiry, the Court finds that the 1 New Trade Defendants' counterclaims against ABRO, as well as Zorin and Babenchik's cross-claim against Baranay independently invoke the Court's diversity jurisdiction. The Court makes this determination from the additional briefing, jurisdictional statements, and attestations it requested on the matter. For Zorin and Babenchik's counterclaims against ABRO, the Court can maintain its diversity jurisdiction under § 1332(a)(2) because each are non-resident aliens domiciled in Russia seeking relief against an Indiana corporation. *See Soc'y of Lloyd's*. 233 F.3d at 475. The same is the case for Zorin and Babenchick's claim against Third-Party

6

defendant Baranay, who is domiciled in Michigan. *See id.* And for the 1 New Trade Defendants' collective tortious interference claim against ABRO, the Court can maintain its jurisdiction under § 1332(a)(2) because 1 New Trade is a Maryland corporation, with its principle place of business in Russia. *See Dresser Indus., Inc.*, 106 F.3d at 498. The Court therefore finds that it can maintain jurisdiction over the remaining claims in the case should the Court dismiss ABRO's Amended Complaint under Rule 41(a)(2).

B.    **Rule 41(a)(2) Motion for Voluntary Dismissal**

Rule 41(a)(2) allows a court upon request of a plaintiff, to dismiss a case "upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). "Although the power to set terms and conditions is vested in the court, the plaintiff may move for dismissal on conditions stated in the plaintiff's motion; under these circumstances, the court either must grant the motion on the conditions offered or deny the motion." 9 Charles A. Wright, et al., *Federal Practice and Procedure* § 2366 (3d ed.). "The purpose of authorizing terms and conditions on a voluntary dismissal is to protect the *defendant* from prejudice." *Cross Westchester Dev. Corp. v. Chiulli*, 887 F.2d 431, 432 (1989) (emphasis added); *see also* Wright et al., *supra*, at § 2366.

ABRO has requested that the Court dismiss its Amended Complaint with prejudice on the condition that "all parties bear their own attorney's fees and costs incurred in connection with the prosecution and defense of the claims stated in ABRO's Amended Complaint." (Mot. to Dismiss Am. Compl. ¶ 6.) It is the "American Rule" that "[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Baker Botts L.L.P. v. ASARCO LLC*, 135 S. Ct. 2158, 2164 (2015) (quoting *Hardt v. Reliance Standard Life Ins., Co.*, 560 U.S. 242, 252–253 (2010)). And here, ABRO seeks relief under the Copyright Act which "provides that a district court 'may . . . award a reasonable attorney's fee to the prevailing party.'" *Kirtsaeng v.*

7

*John Wiley & Sons, Inc.*, 136 S. Ct. 1979 (2016) (quoting 17 U.S.C. § 505). ABRO's proposed condition that all parties bear their own attorney's fees is prejudicial to the Defendants because they have a statutory right to seek attorney's fees if victorious. For this reason, the Court deems the terms and conditions of ABRO's Motion improper and denies the Motion.

ABRO's Motion is an end-run around this very issue of attorney's fees. One of Quest's chief reasons for opposing ABRO's Motion is ABRO's representation that Quest agreed to waive its right to seek attorney's fees and costs. (Quest's Opp. Pla.'s Mot. Dismiss 3, ECF No. 91 ("Quest opposes the dismissal of Quest's claim for the attorney's fees and costs incurred defending this lawsuit. Quest does not object to the portion of the motion that seeks dismissal of ABRO's claims against Quest with prejudice."); Quest's Sur-Reply in Opp. Mot. Dismiss 2, 9, ECF No. 109 ("Although Quest remains willing to discuss a settlement that would not require ABRO to pay Quest's fees, Quest is entitled to seek attorney's fees, and reserves the right to do so absent an agreement . . . . [T]he Court should deny ABRO's motion to the extent that it seeks to extinguish Quest's right to seek attorney's fees and costs incurred . . . . Quest intends to bring a motion for attorney's fees [under] Fed. R. Civ. P. 54(d)(2).").) Like Quest, the 1 New Trade Defendants' also specifically emphasize their desire to recover the attorney's fees and costs incurred in defending this lawsuit. (1 New Trade Def.'s Supp. Br. Opp. to ABRO's Mot. Dismiss ABRO's Am. Compl. 10, 15–16, ECF No. 98 ("ABRO has prosecuted since October 2014 a baseless claim to harass [the Defendants], caused them to incur substantial expense and attorney's fees and now seeks leave to withdraw its claims in a thinly disguised attempt to avoid sanctions.").)

Quest and the 1 New Trade Defendants may very well be entitled to recover their attorney's fees and costs upon an appropriate showing—as is their right under § 505. *Kirtsaeng*,

136 S. Ct. at 1983. Because ABRO has proposed terms and conditions for its Rule 41(a)(2) Motion—and the Court rejects those terms and conditions—"any attempted imposition of a term or condition by this court would be involuntary and subject to rejection by plaintiff." *Dickie v. Cannondale Corp.*, No. 01 C 6347, 2003 WL 134990, at *2 (N.D. Ill. Jan 16, 2003) (citing *Woodzicka v. Artifiex, Ltd.*, 25 F. Supp. 2d 930, 937 (E.D. Wisc. 1998)); *see* Wright et al., *supra*, § 2366. Accordingly, ABRO's Motion for voluntary dismissal is denied.

## CONCLUSION

For the reasons set forth above, the Court DENIES the Plaintiff's Motion [ECF No. 89] to DISMISS its Amended Complaint [ECF No. 7] with prejudice. The Court GRANTS the Plaintiff leave to renew when and if appropriate, upon resolution of the fees and cost issues between the parties.

SO ORDERED on February 2, 2017.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION
